**MARSALA INTERNATIONAL TRADING CO., LTD., a Taiwan corporation, Plaintiff–Appellee,**

**v.**

**COMERICA BANK, INC., a Michigan banking corporation, Defendant–Appellant.**

**No. 97CA0299.**

Colorado Court of Appeals, Div. I.

May 14, 1998.

Rehearing Denied June 11, 1998.

Katch, Sender & Wasserman, P.C., John B. Wasserman, Daniel J. Garfield, Denver, for Plaintiff–Appellee.

Montgomery Little & McGrew, P.C., Richard L. Murray, Jr., Debra Piazza, Englewood, Defendant–Appellant .

Opinion by Judge DAVIDSON.

Defendant, Comerica Bank, Inc. (Comerica), appeals from the trial court's judgment entered after a bench trial in favor of plaintiff, Marsala International Trading Co., Ltd. (Marsala), determining that Marsala was en-

titled to payment under a letter of credit issued by Comerica. We affirm.

Barracuda Bicycle Co., L.L.C. (Barracuda), a Colorado bicycle manufacturer, purchased bicycles and bicycle parts from Marsala, a supplier located in Taiwan. On March 10, 1995, in response to Marsala's concerns about receiving future payments from Barracuda, Barracuda applied for and received a letter of credit from Comerica for Marsala's benefit. The letter of credit incorporated the International Chamber of Commerce Uniform Customs and Practice for Documentary Credits (1994) (UCP) as part of its terms.

The letter of credit was issued on March 16, 1995, and later was amended twice to increase the funds available to Marsala. The agreement required Marsala to submit documentation containing, among other things, a signed statement that an unpaid balance existed, invoices, the original ocean bill of lading, and copies of the truckers' bills of lading.

Upon receiving the letter of credit, Comerica's bank, as an advising bank, sent an Advice of Credit to Marsala containing the following information:

> Please check the credit terms carefully. If you are unable to comply with the terms and conditions of the credit, please communicate with applicant directly to arrange for an amendment [to the letter of credit].

Marsala, knowing its documents were nonconforming under the terms of the letter of credit, requested that Barracuda apply to Comerica for an amendment to those terms waiving the submission of certain documents. Barracuda submitted such request and Comerica agreed to an amendment to the letter of credit changing some of the documentation requirements.

Marsala then submitted its draw request for funds available under the letter of credit with documents to Comerica on a "collection basis," meaning that Marsala knew the documents presented did not meet the terms of the letter of credit but that they were submitted pending a request that Comerica ask Barracuda to waive the discrepancies and authorize payment.

Accordingly, after receiving Marsala's draw request, Comerica contacted Barracuda to ask if the discrepancies would be waived. Barracuda's initial response was that it would try to reach an agreement with Marsala concerning payment but that it did not waive the discrepancies.

Marsala prepared a set of revised documents to make a second request for payment under the letter of credit. Before Comerica received the second set of documents, Barracuda sent a faxed message to Comerica stating: "F.Y.I. we have agreed, if this letter gets signed, we will waive all discrepancies—please be on the look out [sic] for this document." That fax was accompanied by a blank copy of the letter that Barracuda desired Marsala to sign.

Thereafter, Comerica received from Marsala a signed copy of the letter that had accompanied the fax, and it then contacted Barracuda again to ask if it waived the discrepancies in the previously submitted documents. However, Barracuda refused to waive the discrepancies and instructed Comerica not to issue payment under any terms other than those contained in the letter of credit. On the basis of this instruction, Comerica refused payment to Marsala. Before Marsala could submit conforming documents, the letter of credit expired.

Marsala filed suit against Comerica claiming that Barracuda had waived the discrepancies in the required documents and that Comerica had been obliged to pay Marsala once it received the letter signed by Marsala. Comerica argued that Barracuda's letter merely evidenced Barracuda's future intent to waive the discrepancies after Marsala had signed and submitted that document.

Following a trial to the court, the trial court determined that the letter from Barracuda to Comerica constituted a waiver of the discrepancies in the documents submitted by Marsala upon Marsala's signing the document and ordered Comerica to pay the full amount available under the letter of credit.

### I.

Comerica contends that its refusal to pay Marsala was proper because Barracuda did not waive the discrepancies in the required documents. Comerica argues that Barracu-

da's letter was merely an expression of its future willingness to waive discrepancies after the document was signed and submitted by Marsala. Because Barracuda expressly did not waive the discrepancies after the letter was submitted, Comerica asserts that it was obliged under the UCP to refuse payment.

Marsala argues to the contrary, asserting that once it signed the letter and submitted it to Comerica, Barracuda's waiver of the other documents' discrepancies became effective and Comerica was estopped from seeking further instructions from Barracuda or refusing to issue payment under the terms of the letter of credit. We agree with Marsala.

■ A letter of credit refers to those arrangements whereby a bank, acting at the request and on the instructions of its customer, is to make payments to a third party on behalf of the customer, provided that the terms and conditions of the letter of credit are satisfied by the benefiting third party. UCP art. 2; *see Alaska Textile Co. v. Chase Manhattan Bank*, 982 F.2d 813 (2d Cir.1992).

■ A letter of credit irrevocably binds the issuing bank to pay the beneficiary of the letter when the beneficiary presents certain documents conforming to the terms of the letter of credit. *Alaska Textile Co. v. Chase Manhattan Bank, supra.* But, in order to be paid, the party seeking payment under a letter of credit must comply strictly with the terms and conditions of the letter of credit. *Pro–Fab, Inc. v. Vipa, Inc.*, 772 F.2d 847 (11th Cir.1985).

Although the UCP is not law, it is recognized internationally as the set of rules governing letters of credit. *See* B. Wunnicke & D. Wunnicke, *Standby Letters of Credit* § 2.5 (1989). The UCP is made applicable to most letters of credit by agreement of the parties and reference to such in the agreements. *See Western International Forest Products, Inc. v. Shinhan Bank*, 860 F.Supp. 151 (S.D.N.Y.1994).

## A.

Comerica argues that Barracuda's letter was not a waiver of documentary discrepancies effective upon Marsala's signing and submitting a certain document, but rather, merely expressed its intent to consider a waiver of the discrepancies if Marsala complied with Barracuda's request. We disagree.

UCP Article 14(c) provides that:

If the Issuing Bank determines that the documents appear on their face not to be in compliance with the terms and conditions of the Credit, it may in its sole judgment approach the Applicant for a waiver of the discrepancy(ies).

Because many presentments of documents are defective, it is common for issuing banks to seek waivers from the customers when the beneficiary presents such documents. *See Philadelphia Gear Corp. v. Central Bank*, 717 F.2d 230, 237–38 (5th Cir.1983) (although not required, seeking waiver is "good commercial etiquette"); *see generally* J. Dolan, *The Law of Letters of Credit* § 6.06(2) (rev. ed.1996).

■ The value of a letter of credit in facilitating international commerce is grounded in the legal certainty that results from strict compliance with the documentary requirements. Therefore, although it is common practice for many banks to seek a waiver from the customers, a significant showing is required to establish that the express terms of a letter of credit have been waived. *See Alaska Textile Co. v. Chase Manhattan Bank, supra.* Thus, to show a waiver, the party charged with making the waiver must have relinquished a right with "both knowledge of the existence of the right and intention to relinquish it." *Voest–Alpine International Corp. v. Chase Manhattan Bank*, 707 F.2d 680, 685 (2d Cir.1983). The waiver may be communicated either orally or in writing. *See* J. Dolan, *The Law of Letters of Credit* § 6.06(2) (rev. ed.1996).

■ And, under the UCP, in the absence of a waiver, a bank properly may refuse to pay the beneficiary under the letter of credit if the documents submitted contain discrepancies. *See Banco Nacional de Desarrollo v. Mellon Bank*, 726 F.2d 87 (3d Cir.1984); *Pro–Fab, Inc. v. Vipa, Inc., supra.*

Here, a letter of credit was issued by Comerica upon Barracuda's application for Marsala's benefit. Payment by Comerica was required upon Marsala's presentation of conforming documents as specified under the terms of the letter of credit.

■ Because it is undisputed that Marsala initially submitted non-conforming documents, Comerica, at that time, had the right under UCP art. 14(b) to refuse payment. However, Comerica, as allowed under UCP art. 14(c), contacted Barracuda to see if Barracuda would be willing to waive such discrepancies. Soon thereafter Barracuda faxed to Comerica the letter quoted above. As did the trial court, we read this document as a waiver by Barracuda, upon receipt of the letter by Comerica, of Barracuda's right to demand strict compliance with the documentary requirements of the letter of credit.

Specifically, by its plain terms, Barracuda's letter to Comerica instructed that a signed letter from Marsala, conforming to the blank form letter included with Barracuda's letter, triggered Barracuda's waiver. In our view, this letter cannot be read, as Comerica suggests, to imply only that Barracuda "would consider" a waiver should the signed letter be received.

The context in which this letter was sent, as the trial court found, confirms Barracuda's intent to waive. Barracuda, at the time it sent the letter, knew from Comerica and Marsala that discrepancies existed in the documentation submitted by Marsala and the extent of the discrepancies. Barracuda had discussed and agreed that the discrepancies would be waived. The language of the letter to Comerica reflects this agreement and evidences Barracuda's unequivocal intent to waive the discrepancies in the documentation. And, because by that time Marsala had submitted its draw request to Comerica, we agree with the trial court that the waiver was no longer revocable.

Moreover, for the same reasons, the letter could not have been confusing or misleading to Comerica. Barracuda, at Marsala's request, earlier had sought and received an amendment to the letter of credit relieving Marsala of certain documentary requirements. Barracuda and Marsala further had engaged in negotiations to facilitate payment to Marsala under the letter of credit. In response to Comerica's query whether Barracuda wished to waive the still-existing discrepancies, Barracuda assured Comerica that it and Marsala were attempting to reach an agreement that would expedite payment to Marsala.

Shortly after that conversation, Barracuda sent the letter stating its waiver of the documentary discrepancies upon Marsala's signing and submitting a certain document. Indeed, Barracuda instructed Comerica to watch for the signed letter. Barracuda's actions prior to sending the letter and instructing Comerica that it would waive discrepancies if the document was signed and submitted by Marsala demonstrated Barracuda's clear intent to relinquish its right to demand documents strictly conforming to the terms of the letter of credit.

### B.

Comerica argues that, even if a waiver existed, such waiver was not binding upon it. Again, we disagree.

■ If the documents submitted by the beneficiary conform to the terms of the letter of credit, the bank's duty to pay is absolute. The bank has no duty to conduct any further investigation into the nature of the transaction underlying the letter of credit. *See Alaska Textile Co. v. Chase Manhattan Bank, supra* (because bank's role in transactions involving letters of credit is purely ministerial, requiring it to determine the substantiality of discrepancies would be inconsistent with its function).

■ Likewise, when, as here, the customer has waived the discrepancies that preclude payment, the bank has no further obligation to examine or investigate the transactions between the customer and the beneficiary. To require or allow a bank to take further action before it issues payment would undermine the policy underlying letters of credit that the bank issuing payment is entitled to rely strictly on the documents before it. *See Banco Nacional de Desarrollo v. Mellon Bank, supra* (bank need only pay a beneficia-

ry upon strict compliance with the terms of the letter of credit).

Accordingly, once Marsala signed and submitted the document required by the plain language of Barracuda's letter, the waiver became effective, and the request for payment having been made, Comerica's only obligation under the UCP was to pay the amount requested.

## C.

Comerica argues that, nevertheless, even if the waiver was binding on it, the application for the letter of credit submitted by Barracuda required it to send the letter signed by Marsala to Barracuda for final authorization before payment could be made. Comerica relies on the provision in Barracuda's application for the letter of credit providing that:

> The Applicant authorizes the Bank to honor the Applicant's orders to issue, amend or pay the Credit for the Applicant's account . . . subject to the following:
>
> . . . .
>
> (b) all Requests will be confirmed by the Bank in writing by sending to the Applicant a copy of the documents authorized or requested by the Applicant and the Applicant agrees promptly to examine such documents and to report any discrepancies promptly upon receipt of such confirmation . . . .

Comerica asserts that, under this provision, Barracuda's waiver was actually a request to amend the terms of the letter of credit, and that this provision created a procedure by which such request to amend the terms of the letter of credit would become effective only after Comerica sent the documents underlying the request to Barracuda for inspection and confirmation. We disagree.

■ Waiver is not the same as amendment because, unlike an amendment to a letter of credit, waiver does not presuppose agreement by all of the parties. J. Dolan, *The Law of Letters of Credit* § 6.06(2) (rev. ed.1996).

■ Here, Barracuda's letter clearly was not intended to be an amendment of the terms of the letter of credit. Comerica, under UCP art. 14(c), asked Barracuda if it wished to waive the documentary discrepancies. In its letter waiving the discrepancies, Barracuda did not request or require Comerica's agreement. Instead, as discussed, the letter informed Comerica of Barracuda's waiver of the discrepancies and instructed Comerica to watch for a signed letter from Marsala so that payment could be made.

Further, each of the prior amendments to the letter of credit had been transmitted as a request for such to the bank on a form entitled "Request for Letter of Credit Amendment." And, the form specifically acknowledged that such request was subject to the terms of the application pertaining to the letter of credit. In contrast, the letter sent by Barracuda, expressing its waiver of the documentary discrepancies, was on company letterhead and gave no indication that Barracuda was seeking an amendment to the letter of credit or that its waiver was subject to the terms of the application.

Accordingly, Barracuda, by sending such letter to Comerica and Marsala, was not seeking to amend the letter of credit. Thus, the provision in the application was inapplicable to the letter from Marsala, and Comerica was not required to send the signed letter to Barracuda for confirmation before issuing payment.

## II.

Comerica also contends that, even if Barracuda expressed a willingness to agree to waive the discrepancies, the agreement cannot be enforced because of a failure of consideration by Marsala. However, Comerica raises this argument for the first time on appeal, and therefore, we decline to address it. *See Boatright v. Derr,* 919 P.2d 221 (Colo. 1996).

The judgment is affirmed.

Judge METZGER and Judge BRIGGS concur.